MORGAN, LEWIS & BOCKIUS LLP
Carrie A. Gonell, Bar No. 257163
Alexander L. Grodan, Bar No. 261374
Sarah J. Allen, Bar No. 306286
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:    +1.714.830.0600
Fax:   +1.714.830.0700
carrie.gonell@morganlewis.com
sarah.allen@morganlewis.com

Attorneys for Defendant
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO DUARTE, an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, a federally chartered bank; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.   2:21-cv-1907<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Complaint Filed: January 13, 2021<br>Trial Date:         None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") removes the above-entitled action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million.

Removal is based on the following grounds:

## I.    PROCEDURAL BACKGROUND

1.    On January 13, 2021, Plaintiff Rocio Duarte ("Plaintiff") filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of Los Angeles, entitled *Rocio Duarte, as an individual and on behalf of all others similarly situated v. JPMorgan Chase Bank, National Association, a federally chartered bank, and Does 1 through 50, inclusive*, Case No. 21STCV01371 (the "Complaint").

2.    Plaintiff personally served the Complaint on Chase's registered agent for service on January 28, 2021. True and correct copies of the Summons, Complaint, and all documents served with the Complaint are attached as **Exhibit A**.

3.    The Complaint alleges nine causes of action: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to permit rest breaks; (5) failure to provide accurate itemized wage statements; (6) failure to pay all wages due upon separation of employment; (7) failure to provide paid sick time; (8) failure to maintain accurate records; and (9) violation of Business and Professions Code §§ 17200, *et seq*. ¶¶ 7-60.

4. Plaintiff seeks to represent the following class:

> All non-exempt tellers, bank associates, and other job classifications or job titles with the same or similar job duties who were employed by Defendant in California at any time within the four years prior to the filing of the initial Complaint. (the "Class Members")

Compl. ¶ 7.

5. Plaintiff alleges that this class consists of at least 100 individuals. Compl. ¶ 7(d).

6. On March 1, 2021, Defendant filed its Answer to Plaintiff's Complaint in the Superior Court of the State of California, County of Los Angeles. A true and correct copy of the Answer is attached as **Exhibit B**.

7. True and correct copies of all other documents filed by the Court and Plaintiff in the Sueprior Court of the State of California, County of Los Angeles, are attached as **Exhibit C.**

8. **Exhibits A, B, and C** constitute all the pleadings, process, and orders served upon or by Chase, or filed, in the Superior Court action.

## II. THE REMOVAL IS TIMELY

9. This Notice of Removal is timely, pursuant to 28 U.S.C. section 1446(b), because it is filed within 30 days of Plaintiff's service of the Summons and Complaint on Chase. Plaintiff personally served the Summons and Complaint on January 28, 2021. This Notice of Removal was filed on the first court day following the 30th day since service, which fell on a weekend. *See Malaguit v. Ocwen Loan Servicing, LLC*, 2015 WL 5884856, at *3 (C.D. Cal. Oct. 6, 2015) ("Under Rule 6(a) of the Federal Rules of Civil Procedure, when a deadline [for removal] falls on a Saturday, Sunday, or holiday, the deadline is extended to the following court day.").

10. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 40416378.1

2

NOTICE OF REMOVAL

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

11. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

12. This action is brought by Plaintiff as a putative class action on behalf of a proposed class of more than 100 individuals. Compl. ¶ 7(d). As such, this matter is a "purported class action" as that term is defined pursuant to CAFA.

13. The Complaint could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter is brought as a class action under California Code of Civil Procedure § 382, diversity of citizenship exists between one or more members of the putative class and Chase, and, accepting only for the purposes of this removal, Plaintiff's allegations, the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interests and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446, and 1453.[1]

#### A. Diversity of Citizenship Exists.

14. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). Plaintiff is a citizen of California. Chase is a corporate citizen of Ohio. Thus, minimal diversity exists and removal is proper.

---

[1] Chase does not concede and reserves the right to contest, at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Chase further does not concede the merits of any of Plaintiff's allegations or that they constitute a cause of action under applicable California law.

### i. Plaintiff is a Citizen of California.

15. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Plaintiff alleges that she "resides in County of Los Angeles." Compl. ¶ 2. The Complaint does not allege that Plaintiff is a citizen of any other state. She is therefore a citizen of California for purposes of removal.

### ii. Chase is Not a Citizen of California.

16. JPMorgan Chase Bank, N.A. is, and at all pertinent times was, a federally chartered national bank with Columbus, Ohio designated in its articles of association as the locus of its main office. *See* **Exhibit D**, Articles of Association for JPMorgan Chase Bank (As Amended June 30, 2008). Pursuant to 28 U.S.C. §§ 1332 and 1348, and the United States Supreme Court's decision in *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is "located," for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office), JPMorgan Chase Bank, N.A. is "located," for diversity purposes, in Columbus, Ohio, making it diverse from Plaintiff.

17. Although Plaintiff has listed fifty fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

18. Because Plaintiff and Chase are not residents of the same state, diversity of citizenship exists. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

### B.   The Proposed Class Membership is Sufficiently Large.

19.   CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 100 members.  *See* Compl. ¶ 7(d).

20.   Plaintiff seeks to represent all "non-exempt tellers, bank associates, and other job classifications or job titles with the same or similar job duties who were employed by Defendant in California at any time within the four years prior to the filing of the initial Complaint."  Compl. ¶ 7.  Chase is informed and believes Plaintiff's job title during her Chase employment was Associate Banker.  Chase is informed and believes that it employed at least, 8650 non-exempt internal employees in Associate Banker or Teller positions in California during the four years preceding the filing of the complaint.  Chase is further informed and believes from available data that at least 3,300 of these individuals separated from Chase in the three years preceding the filing of the complaint.   Thus, the putative class contains more than 100 members.

### C.   The Amount In Controversy Exceeds $5,000,000.

21.   Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Because Plaintiff does not expressly plead a specific amount of class damages, Chase needs to show it is more likely than not that the amount in controversy exceeds $5 million.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  Chase's burden to establish the amount in controversy is by a preponderance of the evidence.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014); *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart* for the proposition that there is no anti-removal presumption against CAFA cases).  A removing party seeking to invoke

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 40416378.1

5

NOTICE OF REMOVAL

CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.

22. "[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages." *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable"); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (citation omitted) (explaining that courts "first look to the complaint in determining the amount in controversy").

23. Under *Dart*, a removing defendant is not required to submit evidence in support of its removal allegations. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[A] removing defendant's notice of removal *need not* contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (internal quotations omitted) (emphasis added). The removal allegations "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias v. Residence Inn by Marriott*, 2019 WL 4148784, at *4 (9th Cir. Sept. 3, 2019)). Where the plaintiff "could have, but did not, make more specific allegations to narrow the scale or scope of th[e] controversy," courts "have assumed 100% violation rates" based on the complaint's "sweeping allegations." *Id.* at *3. As detailed below, Chase plausibly alleges that the amount in controversy exceeds $5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

6

DB2/ 40416378.1              NOTICE OF REMOVAL

million based on Plaintiff's sweeping allegations, and that the Court has jurisdiction pursuant to CAFA. Here, the aggregated claims of the putative class members put into controversy over $5 million in potential damages. 28 U.S.C. § 1332(d)(2).

24. As explained above, Plaintiff seeks to represent a putative class of more than 8,650 members. Chase has reviewed certain data concerning the putative class that Plaintiff seeks to represent. Based on the allegations in the Complaint, Plaintiff has put more than $5 million in controversy as set forth below, and CAFA removal is appropriate.[2]

### i. Evidence Demonstrating Amount In Controversy.

25. Plaintiff seeks to represent a class of all "non-exempt tellers, bank associates, and other job classifications or job titles with the same or similar job duties who were employed by Defendant in California at any time within the four years prior to the filing of the initial Complaint." Compl. ¶ 7. According to Chase's business records, the average hourly rate paid to any Associate Banker or Teller during the relevant period was $16.80, and the lowest hourly rate was $10.00. For purposes of removal, Chase will conservatively assume that *all* putative class members earned the *lowest* hourly rate of pay – $10.00 – identified in Chase's business records.

### a. Plaintiff's Sixth Cause of Action Seeking Waiting Time Penalties Places at Least $5,940,000 in Controversy.

26. Plaintiff alleges that Chase willfully failed to pay the putative class all allegedly earned and unpaid wages at the time of discharge or within 72 hours of resignation during the three years preceding the filing of the Complaint. Compl.

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Chase's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Chase maintains that each of Plaintiff's claims is without merit and that Chase is not liable to Plaintiff or any putative class member. In addition, Chase denies that liability or damages can be established on a class wide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Costa Mesa

DB2/ 40416378.1

7

NOTICE OF REMOVAL

¶¶ 43-47. Labor Code § 203 provides that an employer who willfully fails to timely pay wages to an employee who is discharged or quits, must pay, as a penalty, the "the wages of the employee . . . from the due date thereof . . . until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Plaintiff alleges that she typically worked five and a half or six hour shifts, five days per week, and occassionally worked eight hour shifts, during her employment with Chase. Compl. ¶ 9. According to Chase's records, the employment of at least 3,300 putative class members terminated more than 30 days ago and within the three years preceding the filing of Plaintiff's complaint. Plaintiff alleges that all Class Members whose employment ended at least 30 days ago are entitled to 30 days of waiting time penalties. *See* Compl. ¶¶ 45 and 47 (alleging non payment of wages to Plaintiff and all Class Members and that they are "entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days"). Based on Plaintiff's allegations of failure to pay each putative class member their full wages at the time of discharge, Chase may reasonably assume "that each terminated putative class member was entitled to 30 days of continuation wages at 8 hours of standard pay per day." *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *4 (C.D. Cal. Jan. 7, 2015); *see also Mackall v. Healthsource Glob. Staffing, Inc.*, 2016 WL 4579099 (N.D. Cal. Sept. 2, 2016) (finding that "allegations of willful failure to timely pay final wages (based on alleged overtime and meal and rest break violations)" support an estimated 100% violation rate for waiting time penalties). Applying the minimum rate of pay earned by any of the putative class members of $10.00 per hour to all putative class members, and further assuming that all class members worked part-time shifts, the total waiting time penalties at issue are at least **$5,940,000** ($10.00 per hour x 6 hours per day x 30 days x 3,300 former Associate Bankers & Tellers = $5,940,000).

27. The preponderance of the evidence demonstrates that Plaintiff's alleged amount in controversy is above the minimum threshold of $5,000,000, as established by analyzing just one of Plaintiff's nine causes of action. Plaintiff's other eight causes of action, including for unpaid minimum and overtime wages, unpaid sick leave, failure to provide meal and rest breaks, and inaccurate wage statements, would increase the amount in controversy even further beyond the jurisdictional minimum of $5,000,000.

    **b. The Complaint Also Seeks Recovery Of Attorneys' Fees That Courts May Consider for Determining the Amount in Controversy.**

28. Plaintiff seeks to recover attorneys' fees under various provisions of the Labor Code, including section 226. Compl. ¶¶ 22, 26, 42, Prayer for Relief, ¶ 7). Future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793–94 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). Courts in the Ninth Circuit "have treated a potential 25% fee award as reasonable" in wage and hour class actions removed under CAFA. *See Anderson*, 2020 WL 7779015, at *4.

29. Although Chase denies Plaintiff's claim for attorneys' fees, inclusion of attorneys' fees for purposes of removal by calculating 25% of the amount in controversy in this case, as detailed above, adds at minimum another $1,485,000 in controversy (25% of $5,940,000), bringing the total amount in controversy to at least **$7,425,000**. Again, this excludes the amount placed in controversy by attorneys' fees for Plaintiff's eight other causes of action.

30. Therefore, although Chase has plausibly alleged that the amount in controversy without attorneys' fees exceeds $5,000,000, the inclusion of attorneys'

fees as allowed by Ninth Circuit law further increases the amount in controversy above the minimum threshold for CAFA jurisdiction.

### IV.  VENUE

31.  This action was originally filed in Los Angeles County Superior Court. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

### V.  NOTICE

32.  Chase will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

### VI.  CONCLUSION

33.  Based on the foregoing, Chase requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Chase respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated:     March 1, 2021         MORGAN, LEWIS & BOCKIUS LLP


By  /s/ Carrie A. Gonell
Carrie A. Gonell
Alexander L. Grodan
Sarah J. Allen
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.