Michael R. Crosner (SBN 41299)
Zachary M. Crosner (SBN 272295)
Blake Jones (SBN 211221)
Nikki Trenner (SBN 316007)
**CROSNER LEGAL, P.C.**
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: (310) 241-3714
Facsimile (310) 510-6429

Attorneys for Plaintiff ROCIO DUARTE,
as an individual and on behalf of all others
similarly situated.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCIO DUARTE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, a federally chartered bank, and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 2:21-cv-01907-ODW-AFM<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS**<br><br>Date: August 16, 2021<br>Time: 1:30 p.m.<br><br>Complaint Filed: January 13, 2021<br>Trial Date: July 12, 2022 |

i

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................6

II.   BACKGROUND ....................................................................................7

III.  DISCUSSION .......................................................................................9

A.    Plaintiff Objects to Defendant's Request for Judicial Notice ...........................9

B.    California Law – Not Federal Law – Governs Plaintiff's Employment .............9

C.    The Arbitration Agreement Is Unenforceable Because It Is Procedurally and Substantively Unconscionable ....................................................................12

1.    The Arbitration Agreement Is Procedurally Unconscionable ..........................14

a.    Defendant's Arbitration Agreement Is Procedurally Unconscionable Because It Is a Contract of Adhesion ...........................................................................15

b.    Defendant's Arbitration Agreement Is Procedurally Unconscionable Because It Is Oppressive .....................................................................................16

i.    Plaintiff Was Not Given Sufficient Time to Consider the Agreement ............17

ii.   Plaintiff Was Forced to Accept the Arbitration Agreement as a Condition of Her Employment ..........................................................................................17

iii.  Defendant's Arbitration Agreement Is Long and Complex .............................18

1

iv.  Plaintiff Is a Layperson................................................................18

v.   Plaintiff Was Not Able to Review Defendant's Arbitration Agreement with an

Attorney......................................................................................19

c.   Defendant's Arbitration Agreement Is Procedurally Unconscionable Because It

Contains Elements of Surprise...................................................19

2.   The Arbitration Agreement Is Substantively Unconscionable.........................21

a.   Defendant's Arbitration Agreement Is Substantively Unconscionable Because It

Forces Plaintiff to Waive Her ..................................................22

Right to Bring a Representative Action Under the PAGA ....................................22

b.   Defendant's Arbitration Agreement Is Substantively Unconscionable Because It

Is Unfair and One-Sided ..........................................................23

c.   Defendant's Arbitration Agreement Is Substantively Unconscionable Because It

Fails to Provide Defendant Will Cover All Costs Unique to Arbitration................24

3.   Severance is Not Possible Because the Unconscionability Permeates and

Severing the Offending Terms Requires a Reformation of the Contract ...............25

IV. CONCLUSION................................................................................27

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY
JUDICIAL PROCEEDINGS
Case No. 2:21-cv-01907-ODW-AFM

1
2

# TABLE OF AUTHORITIES

## Cases

3

*A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473 (1982)..........................8, 9

4
5

*Abramson* v. *Juniper Networks, Inc.*, 115 Cal. App. 4th 638 (2004) ......................21

6

*American Income Life Ins. Co.*, 206 Cal. App. 4th 1193 (2012)...............................5

7

*Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83 (2000)

8
9

............................................................................. 1, 2, 7, 8, 9, 10, 17, 20, 21

10

*Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237 (2016) ..................................... 10, 11

11

*Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227 (2016).........................................6

12
13

*Carmona v. Lincoln Millennium Car Wash, Inc.*, 226 Cal. App. 4th 74 (2014)

14

............................................................................................ ….15, 17

15

*Ferguson v. Countrywide Credit Indus., Inc.* 298 F.3d 778 (9th Cir. 2002).............9

16
17

*Fittante v. Palm Springs Motors, Inc.*, 105 Cal. App. 4th 708 (2003) ................7, 17

18

*Giuliano v. Inland Empire Personnel, Inc.*, 149 Cal. App. 4th 1276 (2007) ......5, 20

19

*Grabowski v. C.H. Robinson Co.*, 817 F. Supp. 2d 1159 (S.D. Cal. 2011).............15

20
21

*Graham Oil Co. v. ARCO Prods. Co.*, 43 F.3d 1244 (9th Cir. 1994).....................21

22

*Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332

23

(2015) ..................................................................................................12

24
25

*Harper v. Ultimo*, 113 Cal. App. 4th 1402 (2003) .................................................15

26

3

27
28

*Hoover v. American Income Life Ins. Co.*, 206 Cal. App. 4th 1193 (2012) ..... 5, 6, 7

*Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003) ...........................18

*Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014)...........17

*Kinney v. United Healthcare Services, Inc.* 70 Cal. App. 4th 1322 (1999) ..............8

*Lane v. Francis Capital Management LLC,* 224 Cal. App. 4th 676 (2014)... 5, 6, 15

*Little v. Auto Siegler*, 29 Cal. 4th 1064 (2003) ........................................................17

*Malone v. Sup. Ct. (Cal. Bank & Trust)*, 226 Cal. App. 4th 1551 (2014) ................9

*Olvera v. El Pollo Loco, Inc.*, 173 Cal. App. 4th 447 (2009)....................................9

*OTO, L.L.C. v. Kho*, 8 Cal. 5th 111 (Cal. 2019)............................... 10, 11, 12,13, 16

*Perry v. Thomas*, 482 U.S. 483 (1987) ......................................................................5

*Pinela v. Neiman Marcus Group, Inc.*, 238 Cal. App. 4th 227 (2015)..................8, 9

*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*, 55

Cal. 4th 223 (2012) .......................................................................................8, 12

*Prima Paint Corp. v. Flood Conklin Mfg. Co.*, 388 U.S. 395 (1967) ......................5

*Ridgeway v. Nabors Completion & Prod. Servs. Co.*, 139 F. Supp. 3d 1084 (C.D. Cal. 2015)................................................................................................................18

*Roman v. Superior Court*, 172 Cal. App. 4th 1462 (2009)........................................9

*Saika v. Gold*, 49 Cal. App. 4th 1074 (1996)...........................................................17

*Sakkab v. Luxottica Retail N. Am. Inc.*, 803 F.3d 425 (2015) ................................17

*Serpa v. California Surety Investigations, Inc.*, 215 Cal. App. 695 (2013) ............10

*Sonic-Calabasas v. Moreno*, 57 Cal. 4th 1109 (2013) ................................................7

*Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519 (1997)........................................15

*Trivedi v. Curexo Technology Corp.*, 189 Cal. App. 4th 387 (2010)..................9, 16

*Williams Constr. Co. v. Standard-Pacific Corp.*, 254 Cal. App. 2d 442 (1967).....15

**Statutes**

California Labor Code § 229 ..................................................................................5, 6

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*................................................. 5, 6, 7

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY
JUDICIAL PROCEEDINGS
Case No. 2:21-cv-01907-ODW-AFM

Plaintiff ROCIO DUARTE hereby submits the following Opposition to Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings:

## I.   __INTRODUCTION__

This is a wage and hour class action in its pre-certification stage. Plaintiff Rocio Duarte ("Plaintiff") is a former employee of Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Defendant"). She brings a class action lawsuit because Defendant imposes numerous unlawful policies and practices. Now, Defendant seeks to compel arbitration because Plaintiff purportedly entered into an arbitration agreement ("Arbitration Agreement") compelling her to individually arbitrate her wage and hour claims.

First, Plaintiff's wage claims are not subject to arbitration because Defendant has failed to demonstrate facts sufficient to establish that the Federal Arbitration Act applies and, the Agreement in unenforceable under California law.

Further, Defendant's Arbitration Agreement is unenforceable because it is unconscionable under California law. In *Armendariz v. Foundation Health Psychcare Services, Inc*., the California Supreme Court held that an arbitration agreement that encompasses employment rights must satisfy certain requirements. *Armendariz v. Foundation Health Psychcare Services, Inc*. ("*Armendariz*"), 24 Cal. 4th 83, 114 (2000). Defendant's Arbitration Agreement falls short of these requirements because it suffers from both procedural and substantive unconscionability. Defendant's Arbitration Agreement is procedurally unconscionable because (1) it is a contract of adhesion between employer and employee; (2) Defendant employed oppressive methods in obtaining Plaintiff's acceptance by making the Arbitration Agreement a condition of employment; and (3) Defendant surprised Plaintiff with terms in the Arbitration Agreement by failing

to provide a copy of the applicable arbitration rules and by drafting the Arbitration Agreement as a five-page, single-spaced document filled with complex legal terminology and statutory references. Therefore, Defendant's Arbitration Agreement is procedurally unconscionable because it is a contract of adhesion which was thrust upon Plaintiff through Defendant's oppressive and surprising bargaining tactics.

Defendant's Arbitration Agreement also suffers from substantive unconscionability. In addition to being forced on Plaintiff, the agreement Defendant seeks to enforce is riddled with terms California deems as unenforceable and substantively unconscionable. The agreement is substantively unconscionable because it: (1) bars Plaintiff from pursuing a representative Private Attorneys General Act of 2004 action (2) is unfair and one-sided in granting Defendant the right to terminate or revise the Arbitration Agreement but not affording Plaintiff the same rights; and (3) fails to require Defendant to shoulder all costs unique to arbitration.

All of these terms are deemed unenforceable and unconscionable under California law. Because the purported arbitration agreement is so permeated with unconscionability, it cannot be cured by severing the improper terms. This is because "such multiple defects indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage." *Armendariz, supra,* 24 Cal.4th at 102. Accordingly, it is respectfully requested the Court deny Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings.

## II.   **BACKGROUND**

On August 14, 2019, Defendant presented Plaintiff with an offer of

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Case No. 2:21-cv-01907-ODW-AFM

employment. Dkt. 18-3, Exhibit A; *see also* Dkt. 18-3, ¶ 5. Attached to this offer of employment was an Appendix which contained the Arbitration Agreement in question. *Id.* Defendant's Arbitration Agreement began on the bottom of the third page of the Appendix to the employment offer. Dkt. 18-3, Exhibit A, p. 7. Defendant instructed Plaintiff to "accept the offer within a reasonable timeframe from the date of delivery," or Defendant would "consider [the offer] withdrawn." Dkt. 18-3, Exhibit A, p. 3. Accordingly, Plaintiff felt that any delay in her acceptance may jeopardize the offer of employment from Defendant and she electronically accepted Defendant's offer of employment on August 14, 2019. Declaration of Rocio Duarte ("Duarte Decl.") ¶ 5; *see also* Dkt. 18-3, Exhibit A, p. 15.

Defendant is a financial service provider doing business within California and with its principal place of business in Ohio. *See* Plaintiff's Request for Judicial Notice, Exhibit 1. Defendant unilaterally drafted the Arbitration Agreement, which spans over five pages, single-spaced, and made it a condition of employment for Plaintiff. Dkt. 18-3, Exhibit A, p. 8. Defendant did not provide Plaintiff with the applicable Employment Arbitration Rules of the AAA. Dkt. 18-3, Exhibit A. Plaintiff was not given any opportunity to negotiate the terms of Defendant's Arbitration Agreement. Duarte Decl. ¶ 4. Plaintiff signed the documents because she did not want to compromise her job offer from Defendant. *Id.*

Plaintiff is not an attorney and did not attend law school. Neither is she acquainted with the particulars of the statutes listed in Defendant's Arbitration Agreement. Plaintiff has no significant skill or involvement drafting or reviewing the terms of arbitration agreements. Plaintiff is not versed in the relevant statutes and case law regarding unconscionability. Plaintiff is neither trained in California laws concerning the rights and protections afforded to her under the Private Attorneys

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Case No. 2:21-cv-01907-ODW-AFM

1   General Act of 2004. Duarte Decl. ¶ 6.

2          Defendant's Arbitration Agreement forces Plaintiff to waive her right to bring

3   a representative action under the PAGA. Paragraph 4 of the Arbitration Agreement

4   states, "Covered Parties expressly waive any right with respect to any Covered

5   Claims to submit, initiate, or participate in a representative capacity or as a plaintiff,

6   claimant or member in a class action, collective action, or other representative or

7   joint action, regardless of whether the action is filed in arbitration or in court. Dkt.

8   18-3, Exhibit A, p. 9, ¶ 4. Defendant's Arbitration Agreement contains a unilateral

9   modification and termination provision under which Defendant retains the sole

10  discretion and right to "amend, modify or discontinue" its Arbitration Agreement.

11  *Id*. at p. 12, ¶ 9. Defendant's Arbitration Agreement also fails to require Defendant

12  to shoulder all costs unique to arbitration in stating Defendant will pay "[a]ll

13  ordinary and reasonable administrative expenses of arbitration." *Id*. at p. 10, ¶ 7(a).

14  **III.   DISCUSSION**

15       **A.  Plaintiff Objects to Defendant's Request for Judicial Notice**

16          Defendant asks the Court to take Judicial Notice of a Los Angeles County

17  Superior Court order in support of its argument that Defendant's Arbitration

18  Agreement should be found valid and enforceable. However, Defendant fails to cite

19  any authority to cite its position. Indeed, the Los Angeles County Superior Court

20  Order is not relevant to the determination of any issues in the instant motion, nor

21  does the Order include a discussion of any issues presented in the instant motion.

22  Therefore, Plaintiff requests the Court deny Defendant's Request for Judicial Notice.

23       **B.  California Law – Not Federal Law – Governs Plaintiff's Employment**

24          California Labor Code § 229 prevents Defendant from compelling Plaintiff's

25  wage claims to arbitration absent a showing of preemption under FAA, 9 U.S.C. §

26                                        9

27

28

1, *et seq*. Specifically, § 229 states an action, "for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate." Cal. Lab. Code § 229; *see also Perry v. Thomas*, 482 U.S. 483, 492 (1987) (where the Federal Arbitration Act ("FAA") applies, it preempts Cal. Lab. Code § 229). "An individual arbitration agreement [] does not apply to an action to enforce statutes governing collection of unpaid wages, which "may be maintained without regard to the existence of any private agreement to arbitrate. The intent is to assure a judicial forum where there exists a dispute as to wages, notwithstanding the strong public policy favoring arbitration." *Hoover v. American Income Life Ins. Co*., 206 Cal. App. 4th 1193, 1207 (2012).

It is well settled that "a petitioner seeking an order to compel arbitration must show that the subject matter of the agreement involves interstate commerce." *Lane v. Francis Capital Management LLC*, 224 Cal. App. 4th 676, 687-88 (2014) (discussing *Giuliano v. Inland Empire Personnel, Inc*., 149 Cal. App. 4th 1276, 1284, 1286 (2007)). The FAA governs arbitration agreements where the underlying contract facilitates commercial transactions or directly or indirectly affects commerce between the states. *Prima Paint Corp. v. Flood Conklin Mfg. Co*., 388 U.S. 395, 401-02, fn. 7 (1967). Because Defendant has failed to establish a factual argument sufficient to rise to the level of interstate commerce requisite to enact FAA preemption, California law governs Plaintiff's employment with Defendant.

Plaintiff's complaint seeks recovery of unpaid wages, statutory damages for violations of the Labor Code, and unfair business practices. Any arbitration provision encompassing such claims runs afoul of § 229 and the general rule which prohibits employers from compelling arbitration of a civil complaint alleging violations of wage statutes. *Lane*, *supra*, 224 Cal. App. 4th at 684; *see also Hoover*

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY
JUDICIAL PROCEEDINGS
Case No. 2:21-cv-01907-ODW-AFM

*v. American Income Life Ins. Co.*, 206 Cal. App. 4th 1193, 1206-07 (2012).

Defendant's motion does not establish the hiring of Plaintiff, who was exclusively employed by Defendant in California, bears upon interstate commerce in any substantial way. Plaintiff was hired in California as a Part – Time Associate Banker and exclusively worked at a location in California. *See* Dkt. 18-3, Exhibit A, p. 3. Defendant is a financial service provider doing business within California and with its principal place of business in Ohio. *See* Plaintiff's Request for Judicial Notice, Exhibit 1. In *Hoover*, the court held the FAA did not apply to an agreement between the plaintiff, a California resident who worked as a sales agent, and her Texas-based employer, a life insurance company, because "there was no evidence in the record establishing the relationship between [plaintiff] and [the employer] had a specific effect of bearing on interstate commerce in a substantial way." *Hoover v. American Income Life Ins. Co.*, 206 Cal. App. 4th 1193, 1208 (2012). The Court reasoned because Ms. Hoover "was not an employee of a national stock brokerage or the employee of a member of a national stock exchange," did not perform work in other states, and did not engage in multi-million dollar loan activity "by negotiating with a bank that was headquartered in another state," there was not a sufficient showing of interstate commerce to justify the application of the FAA. *Id*.

Here, the issue is whether Plaintiff's employment activities under the contract with Defendant fell within the reach of the FAA. *Lane*, *supra*, 224 Cal. App. 4th at 688. However, there is absolutely no evidence before the Court showing the relationship between Plaintiff and Defendant "had a specific effect of bearing on interstate commerce in a substantial way." *Hoover*, *supra*, 206 Cal. App. 4th at 1208. To the contrary, the only evidence regarding the effect of the relationship between Plaintiff and Defendant shows that Plaintiff was a California employee of a who

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Case No. 2:21-cv-01907-ODW-AFM

worked exclusively within California. Therefore, the FAA does not govern Plaintiff's claims because there is no evidence to establish Plaintiff's activities under the contract bore any substantial relationship to interstate commerce and California law invalidates the arbitration agreement insofar as it applies to Plaintiff's claims for unpaid wages, statutory damages for violations of the Labor Code, and unfair business practices.

## C. **The Arbitration Agreement Is Unenforceable Because It Is Procedurally and Substantively Unconscionable**

As a contract, "an arbitration agreement is subject to the same defenses applicable to all contract disputes, including fraud, duress, or unconscionability." *Fittante v. Palm Springs Motors, Inc.*, 105 Cal. App. 4th 708, 714 (2003). Per the California Supreme Court, "unconscionability remains a valid defense to a petition to compel arbitration" in California. *Sonic-Calabasas v. Moreno*, 57 Cal. 4th 1109, 1142 (2013). Of special note, in *Sonic-Calabasas*, the Supreme Court expressly labeled *Armendariz*, as "the seminal California case to examine unconscionability in the context of adhesive arbitration agreements..." *Sonic-Calabasas,* 57 Cal. 4th at 1159; *see also Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000). Thus, notwithstanding the rapidly changing legal arbitration landscape, the unconscionability doctrine — and its seminal expression in *Armendariz* — remain vibrant in California.

The unconscionability doctrine "generally arises where there is...an absence of meaningful choice on the part of one of the parties, together with contract terms which are unreasonably favorable to the other party." *Kinney v. United Healthcare Services, Inc.* 70 Cal. App. 4th 1322, 1328 (1999) (citing *A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 484 (1982). "The doctrine is meant to ensure that

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Case No. 2:21-cv-01907-ODW-AFM

contracts, particularly contracts of adhesion, do not impose terms that are overly harsh, unduly oppressive, so one sided as to shock the conscience, or unfairly one sided." *Pinela v. Neiman Marcus Group, Inc*., 238 Cal. App. 4th 227, 243 (2015).

Unconscionability includes both procedural and substantive elements. *Armendariz*, *supra*, 24 Cal. 4th at 114. Both procedural and substantive unconscionability must be present, but the elements need not be present to the same degree. *Id*. at 113. Instead, procedural and substantive unconscionability are assessed on a "sliding scale." *Id*. at 114. "[T]hey need not be present in the same degree.... [T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id*. at 114. The procedural element concerns "the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power. *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*, 55 Cal. 4th 223, 246 (2012). Substantive unconscionability, on the other hand, involves "the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Id*. "Given the lack of choice and the potential disadvantages that even a fair arbitration system can harbor for employees, we must be particularly attuned to claims that employers with superior bargaining power have imposed one-sided, substantively unconscionable terms as part of an arbitration agreement." *Armendariz*, 24 Cal. 4th at 115.

Defendant's Arbitration Agreement was not drafted by Defendant as a means to ensure neutral and efficient dispute resolution, but rather to unfairly tilt the playing field in its favor. As will be shown below, the Arbitration Agreement is a procedurally unconscionable contract of adhesion that is permeated with unlawful

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Case No. 2:21-cv-01907-ODW-AFM

and unconscionable provisions that render it unenforceable.

### 1.   The Arbitration Agreement Is Procedurally Unconscionable

Procedural unconscionability concerns the manner in which the contract was negotiated. *Ferguson v. Countrywide Credit Indus., Inc.* 298 F.3d 778, 783 (9th Cir. 2002); *A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486 (1982); *Olvera v. El Pollo Loco, Inc.*, 173 Cal. App. 4th 447, 454 (2009). It may result from either oppression or surprise due to unequal bargaining power. *Malone v. Sup. Ct. (Cal. Bank & Trust)*, 226 Cal. App. 4th 1551, 1561 (2014). "Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice.... Surprise involves the extent to which the terms of the bargain are hidden in a 'prolix printed form' drafted by a party in a superior bargaining position.' [citations]." *Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1469 (2009) (citations omitted).

The procedural unconscionability analysis "begins with an inquiry into whether the contract is one of adhesion." *Pinela*, *supra*, 238 Cal. App. 4th at 243. Procedural unconscionability generally occurs in adhesion contracts that were drafted by the party with superior bargaining strength and are presented on a take-it-or-leave-it basis. *Trivedi v. Curexo Technology Corp.*, 189 Cal. App. 4th 387, 393 (2010). As the California Supreme Court explained, in the employment context, the grossly unequal bargaining power that exists between employer and employee represents a breeding ground for procedurally unconscionable arbitration agreements. *Armendariz*, *supra*, 24 Cal. 4th at 115. When a contract is found to be adhesive, "the court must then determine whether other factors are present which, under established legal rules—legislative or judicial—operate to render it unenforceable." *Id.*

As will be shown below, Defendant's Arbitration Agreement is procedurally unconscionable because Defendant utilized oppressive and surprise tactics to impose its contract of adhesion upon Plaintiff.

### a. __Defendant's Arbitration Agreement Is Procedurally Unconscionable Because It Is a Contract of Adhesion__

"The term contract of adhesion signifies a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Armendariz*, *supra*, 24 Cal. 4th at p. 113; *Serpa v. California Surety Investigations, Inc.*, 215 Cal. App. 695, 704 (2013). Arbitration contracts imposed as a condition of employment are typically adhesive. *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 126 (Cal. 2019). In a preemployment arbitration agreement, "the economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement." *Armendariz*, *supra*, 24 Cal. 4th at 115. Therefore, "courts must be 'particularly attuned' to the danger of oppression and overreaching." *Oto, L.L.C.*, *supra*, 8 Cal. 5th at 127. (citing *Armendariz*, *supra*, 24 Cal. 4th at 115 and *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1244 (2016).

In California, the mere presence of an adhesion contract renders its terms procedurally unconscionable due to oppression. *Baltazar v. Forever 21*, Inc., 62 Cal. 4th 1237, 1244 (2016) (citations omitted). However, the degree of procedural unconscionability in a contract of adhesion may vary. *Baltazar v. Forever 21*, Inc., 62 Cal. 4th 1237, 1244 (2016) ("At one end of the spectrum are contracts that have been freely negotiated by roughly equal parties, in which there is no procedural

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Case No. 2:21-cv-01907-ODW-AFM

unconscionability. … Contracts of adhesion that involve surprise or other sharp practices lie on the other end of the spectrum." *Id.* (citations omitted)). Hence, upon a finding that an arbitration agreement is a contract of adhesion, courts must then determine, "whether circumstances of the contract's formation created such oppression or surprise that closer scrutiny of its overall fairness is required." *OTO, L.L.C.*, *supra*, 8 Cal. 5th at 126.

Here, Defendant unilaterally drafted the Arbitration Agreement and presented it to Plaintiff on a take-it-or-leave-it basis. The Arbitration Agreement itself states that it is a condition of employment. *See* Dkt. 18-3, Exhibit A, p. 8 ("As a condition of and in consideration of my employment with JPMorgan Chase & Co. or any of its direct or indirect subsidiaries, I agree with JPMorgan Chase as follows:"). Plaintiff was presented with the Arbitration Agreement as part of an offer of employment and was instructed to "accept the offer within a reasonable timeframe from the date of delivery," or Defendant would "consider it withdrawn." *Id.* at p. 3. Moreover, Plaintiff was never given the opportunity to discuss or change any of the provisions in the Arbitration Agreement. Duarte Decl. ¶ 4; *see also* Dkt. 18-3, Exhibit A, p. 12, ¶ 9. Therefore, Defendant's Arbitration Agreement is procedurally unconscionable because it is a contract of adhesion which, as will be shown below, contains elements of oppression and surprise.

### b. Defendant's Arbitration Agreement Is Procedurally Unconscionable Because It Is Oppressive

"Oppression occurs where a contract involves lack of negotiation and meaningful choice[.]" *Pinnacle*, *supra*, 55 Cal. 4th at p. 247. "The circumstances relevant to establishing oppression include, but are not limited to (1) the amount of time the party is given to consider the proposed contract; (2) the amount and type of

pressure exerted on the party to sign the proposed contract; (3) the length of the proposed contract and the length and complexity of the challenged provision; (4) the education and experience of the party; and (5) whether the party's review of the proposed contract was aided by an attorney." *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1348 (2015); s*ee also OTO, L.L.C., supra*, 8 Cal. 5th at 126-27.

### i. __Plaintiff Was Not Given Sufficient Time to Consider the Agreement__

On August 14, 2019, Defendant presented the Arbitration Agreement to Plaintiff as part of her employment offer letter. Dkt. 18-3, Exhibit A; *see also* Dkt. 18-3, ¶ 5. Defendant instructed Plaintiff to "accept the offer within a reasonable timeframe from the date of delivery," or Defendant would "consider [the offer] withdrawn." Dkt. 18-3, Exhibit A, p. 3. Accordingly, Plaintiff felt that any delay in her acceptance may jeopardize the offer of employment from Defendant and she electronically accepted Defendant's offer of employment on August 14, 2019. Duarte Decl. ¶ 5; *see also* Dkt. 18-3, Exhibit A, p. 15. Therefore, Plaintiff was not provided sufficient time to consider the Arbitration Agreement.

### ii. __Plaintiff Was Forced to Accept the Arbitration Agreement as a Condition of Her Employment__

Defendant presented Plaintiff with an offer of employment, which included Defendant's Arbitration Agreement, and directed Plaintiff to "accept the offer within a reasonable timeframe from the date of delivery," or Defendant would "consider it withdrawn." Dkt. 18-3, Exhibit A, p. 3. Defendant's Arbitration Agreement itself states that it is a condition of employment. *See* Dkt. 18-3, Exhibit A, p. 8. Moreover, Plaintiff was never given the opportunity to discuss or change any of the provisions

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Case No. 2:21-cv-01907-ODW-AFM

in the Arbitration Agreement. Duarte Decl. ¶ 4; *see also* Dkt. 18-3, Exhibit A, p. 12, ¶ 9. As such, Plaintiff was not offered any option to opt out of the agreement or decline the agreement. This makes clear Plaintiff was given no opportunity, let alone a meaningful opportunity, to negotiate or reject the terms of Defendant's Arbitration Agreement. Therefore, Defendant pressured Plaintiff to accept the Arbitration Agreement by making it a condition of employment.

### iii. Defendant's Arbitration Agreement Is Long and Complex

Defendant's Arbitration Agreement is over five pages long, single-spaced, and is divided into nine categories of information. See Dkt. 18-3, Exhibit A. Further, the substance of the Arbitration Agreement is "complex, filled with statutory references and legal jargon." *OTO, L.L.C.*, *supra*, 8 Cal. 5th at 128.  The over five-page Arbitration Agreement refers to

> violations of any other common law, federal, state, or local statute, ordinance, regulation or public policy, including, but not limited to Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, Section 1981 of the Civil Rights Act, and the Worker Adjustment and Retraining Notification Act.

Dkt. 18-3, Exhibit A, p. 8, ¶ 2. Hence, Defendant's Arbitration Agreement is long and complex.

### iv. Plaintiff Is a Layperson

Plaintiff is not an attorney; she did not attend law school. Plaintiff is not familiar with the intricacies of the statutes listed in Defendant's Arbitration

18

Agreement. Plaintiff does not have experience drafting or reviewing the terms of Arbitration Agreements nor is she familiar with the relevant statutes and case law regarding unconscionability. Duarte Decl. ¶ 6. Plaintiff is not knowledgeable on the rights and protections afforded to her under the Private Attorneys General Act of 2004. *Id*. Therefore, Plaintiff is a layperson who was not educated and experienced in the relevant areas of law when she signed Defendant's Arbitration Agreement.

### v. **Plaintiff Was Not Able to Review Defendant's Arbitration Agreement with an Attorney**

As discussed above, Plaintiff was provided the over five-page, single-spaced Arbitration Agreement as part of her offer of employment and was instructed by Defendant to "accept the offer within a reasonable timeframe from the date of delivery," or Defendant would "consider it withdrawn." Dkt. 18-3, Exhibit A, p. 3. Accordingly, Plaintiff felt that any delay in her acceptance may jeopardize the offer of employment from Defendant and she electronically accepted Defendant's offer of employment the same day. Duarte Decl. ¶ 5; *see also* Dkt. 18-3, Exhibit A, p. 15. As such, Plaintiff did not have the ability to review the Arbitration Agreement with the aid of an attorney. Therefore, Defendant's Arbitration Agreement is highly oppressive, rendering it procedurally unconscionable.

### c. **Defendant's Arbitration Agreement Is Procedurally Unconscionable Because It Contains Elements of Surprise**

Surprise is found when the supposedly agreed upon terms of a bargain are hidden in a form and are not sufficiently brought to the attention of the weaker party. *Stirlen v. Supercuts, Inc*., 51 Cal. App. 4th 1519, 1526 (1997). Surprise is also tied to whether there are disappointed reasonable expectations of the adhering party. Courts find contracts to be unconscionable and illusory when separate arbitration

rules are "artfully hidden," and not attached to the contract itself. *See Harper v. Ultimo*, 113 Cal. App. 4th 1402 (2003) (rules were not attached to the contract, forcing plaintiff to go to another source to find out the full import of what he was about to sign, and had to go to that effort prior to signing). For the terms of another document to be incorporated into the executed contract by the parties, "the reference must be clear and unequivocal, the reference must be called to the attention of the other party, and she must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties." *Williams Constr. Co. v. Standard-Pacific Corp.*, 254 Cal. App. 2d 442, 454 (1967).

Defendant did not provide Plaintiff with a copy of the Employment Arbitration Rules of the AAA referenced in the Arbitration Agreement. *See* Dkt. 18-3, p. 9, ¶ 6. A number of courts have noted that the failure to attach the rules can support a finding of surprise when combined with further unconscionability factors. *See Grabowski v. C.H. Robinson Co.*, 817 F. Supp. 2d 1159, 1172 (S.D. Cal. 2011) (holding that "the failure of Defendants to supply Plaintiff with [the Arbitration Procedures] at the time he signed the agreements was an element of surprise, and therefore procedural unconscionability."); *Carmona v. Lincoln Millennium Car Wash, Inc.*, 226 Cal. App. 4th 74, 84 (2014) (holding that the failure to provide the applicable arbitration rules is another factor that supports procedural unconscionability."); *Lane v. Francis Capital Mgmt. LLC*, 224 Cal. App. 676, 690 (2014) (confirming that failure to attach the rules "could be a factor in support of finding procedural unconscionability."); *Trivedi v. Curexo Technology Corp.*, 189 Cal. App. 4th 387 (2010).

As discussed above, the substance of the Arbitration Agreement is "complex, filled with statutory references and legal jargon." *OTO, L.L.C.*, *supra*, 8 Cal. 5th at

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Case No. 2:21-cv-01907-ODW-AFM

128.  Defendant's Arbitration Agreement is a single-spaced document that spans over five pages and refers to specific statutes, including, "violations of any other common law, federal, state, or local statute, ordinance, regulation or public policy." Dkt. 18-3, Exhibit A, p. 8, ¶ 2. Hence, Defendant's arbitration is difficult for a layperson to understand and, as such, contains a component of surprise.

Additionally, Defendant presented the Arbitration Agreement to Plaintiff as an Appendix attached to Defendant's offer of employment. Dkt. 18-3, Exhibit A, p. 3. Defendant's Arbitration Agreement begins on the third page of the Appendix. *Id*. Defendant informed Plaintiff she must "accept the offer within a reasonable timeframe from the date of delivery," or Defendant would "consider it withdrawn." *Id*. Accordingly, Plaintiff felt that any delay in her acceptance may jeopardize the offer of employment from Defendant and she electronically accepted Defendant's offer of employment the same day. Duarte Decl. ¶ 5; *see also* Dkt. 18-3, Exhibit A, p. 15. As such, the Arbitration Agreement's terms were not sufficiently brought to Plaintiff's attention and an aspect of surprise is present within the terms of the Arbitration Agreement, rendering it procedurally unconscionable.

### 2.   The Arbitration Agreement Is Substantively Unconscionable

Given the high degree of procedural unconscionability, Plaintiff need not prove the same amount of substantive unconscionability. *Armendariz*, *supra*, 24 Cal. 4th at 114. But the substantive unconscionability is significant, nonetheless. "Substantively unconscionable terms may take various forms but may generally be described as unfairly one-sided." *Little v. Auto Siegler*, 29 Cal. 4th 1064, 1071 (2003). "Public policy favoring arbitration is 'manifestly undermined by provisions in arbitration clauses which seek to make the arbitration process itself an offensive weapon in one party's arsenal." *Fittante v. Palm Springs Motors, Inc.*, 105 Cal. App.

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Case No. 2:21-cv-01907-ODW-AFM

4th 708, 726, (2003) (*citing Saika v. Gold*, 49 Cal. App. 4th 1074, 1081 (1996). "Given the lack of choice and potential disadvantages that even a fair arbitration system can harbor for employees, we must be particularly attuned to claims that employers with superior bargaining power have imposed one-sided, substantively unconscionable terms as part of an arbitration agreement." *Carmona*, *supra*, 226 Cal. App. 4th at p. 85 (*citing Armendariz*, *supra*, 24 Cal. 4th at p. 115).

a. **Defendant's Arbitration Agreement Is Substantively Unconscionable Because It Forces Plaintiff to Waive Her Right to Bring a Representative Action Under the PAGA**

In *Iskanian*, the California Supreme Court held that arbitration agreements that compel "the waiver of representative claims under the PAGA [are] contrary to public policy and unenforceable as a matter of state law." *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 384 (2014). The Court ruled thus based on the characterization of the action as a qui tam action, which "authorizes plaintiffs to bring enforcement actions on behalf of the Labor and Workforce Development Agency," i.e., the state. *Id.* at 387. As PAGA actions are representative actions on behalf of the state, the *Iskanian* Court ruled that PAGA claims lie "outside the FAA's coverage." The Ninth Circuit adopted the *Iskanian* rule in *Sakkab. Sakkab v. Luxottica Retail N. Am. Inc.*, 803 F.3d 425 (2015). In *Sakkab*, the Ninth Circuit held that "the FAA does not preempt the *Iskanian* rule." *Id.* at 429.

The Arbitration Agreement at issue unequivocally waives Plaintiff's right to pursue a representative PAGA action. Specifically, the agreement states: "Covered Parties expressly waive any right with respect to any Covered Claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action.

regardless of whether the action is filed in arbitration or in court." Dkt. 18-3, Exhibit A, p. 9, ¶ 4. Thus, the Arbitration Agreement waives Plaintiff's ability to bring a representative PAGA action by preventing her from bringing a statewide representative PAGA action on behalf of all aggrieved employees in California.

Hence, the Arbitration Agreement is substantively unconscionable because Defendant seeks to utilize the Arbitration Agreement to achieve an unlawful purpose, to require that all representative PAGA claims are waived.

## b. **Defendant's Arbitration Agreement Is Substantively Unconscionable Because It Is Unfair and One-Sided**

Defendant's Arbitration Agreement is unfair and one-sided because grants Defendant the right to terminate or revise the Arbitration Agreement but does not afford Plaintiff the same rights. In *Ingle v. Circuit City Stores, Inc*., the Court found a unilateral modification provision similar to the one at issue here to be unconscionable because such power "proscribes an employee's ability to consider and negotiate the terms of her contract. *Ingle v. Circuit City Stores, Inc*., 328 F.3d 1165, 1179 (9th Cir. 2003). The *Ingle* Court recognized "the unilateral modification provision was part of an adhesive contract and that the provision solidified the adhesiveness of the agreement, despite any provision for notice to the employee, because only the employer could modify the agreement." *Ridgeway v. Nabors Completion & Prod. Servs. Co.*, 139 F. Supp. 3d 1084, 1092 (C.D. Cal. 2015) (discussing *Ingle*, *supra*, 328 F.3d at 1179). In adopting the reasoning set forth in *Ingle*, the Court in *Ridgeway* explained:

> If courts continue to find that parties can do whatever they want to a contract after it is made so long as it is "reasonable," then what is really left of a contract at all? Instead, the covenant is best served by the sanctity of the contract remaining as it was when it was signed absent bilateral agreement. Doing so increases predictability and

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Case No. 2:21-cv-01907-ODW-AFM

> decreases vagueness, two of the main goals of effective contract writing and also alternative dispute resolution. The benefits of alternative dispute resolution cannot only adhere to the party with the greater bargaining power who drafts an arbitration agreement ; an employee, for instance, should also reap the benefits of an increase in predictability when signing such an agreement instead of being subjected to a potentially shifting target.

*Id*. at 1093.

Here, Defendant's Arbitration Agreement states:

> JPMorgan Chase reserves the right to amend, modify or discontinue this Agreement at any time in its sole discretion to the extent permitted by applicable law. Such amendments may be made by publishing them on the JPMorgan Chase Intranet or by separate notification to me and shall be effective 30 calendar days after such amendments are provided to me and will apply on a going−forward basis only.

Dkt. 18-3, p. 12, ¶ 9. Accordingly, Defendant's Arbitration Agreement provides Defendant the unilateral right to "amend, modify or discontinue" the document after it was accepted by Plaintiff. However, Defendant's Arbitration Agreement fails to afford the same power or right to Plaintiff. Therefore, Defendant's Arbitration Agreement is substantively unconscionable because it contains unfair and one-sided terms.

### c. <u>Defendant's Arbitration Agreement Is Substantively Unconscionable Because It Fails to Provide Defendant Will Cover All Costs Unique to Arbitration</u>

Under California law, arbitration agreements that encompass unwaivable statutory rights, including statutory wage and hour claims, must meet the requirements of "essential fairness". *Armendariz*, *supra*, 24 Cal. 4th at 100-02; *Giuliano v. Inland Empire Pers., Inc*., 149 Cal. App. 4th 1276, 1289 (2007). Among other things, the factors for essential fairness under *Armendariz* require that the

24

employer pay the arbitrator's fees and all costs unique to the arbitration. *Armendariz, supra*, 24 Cal. 4th at 102. Here, the Arbitration Agreement fails to satisfy these requirements. Here, although Defendant's Arbitration Agreement states Defendant will pay "ordinary and reasonable administrative expenses of the arbitration," it fails to provide that Defendant will pay for *all* costs uniquely associated with arbitration. Dkt. 18-3, Exhibit A, p. 10, ¶ 7(a). Such language would permit Defendant to refuse to pay the full costs of the arbitrator's fees and venue costs, among other things. As such, Defendant's Arbitration Agreement is substantively unconscionable because Plaintiff is required to shoulder the burden of at least some costs unique to arbitration.

### 3. <u>Severance is Not Possible Because the Unconscionability Permeates and   Severing the Offending Terms Requires a Reformation of the Contract</u>

When it comes to severing unconscionable terms, "[t]he overarching inquiry is whether 'the interests of justice ... would be furthered' by severance." *Armendariz, supra*, 24 Cal .4th at 124. However, "[i]f the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced …" *Id*. When more than one clause is deemed unconscionable, "[s]uch multiple defects indicate a systematic effort to impose arbitration on an employee ... as an inferior forum that works to the employer's advantage." *Id*. In *Armendariz*, the California Supreme Court held a contract containing two or more unlawful provisions is tainted with illegality and cannot be enforced. *Id*. at 102.

In *Abramson*, the agreement at issue contained one illegal term and one unconscionable term – the lack of the mutual obligation to arbitrate. *Abramson* v. *Juniper Networks, Inc*., 115 Cal. App. 4th 638, 666 (2004). The Court held, [t]he combination of these two provisions demonstrates that the agreement is permeated

with illegality and unconscionability." *Id*. The *Abramson* court also rejected the employer's argument that the illegal and unconscionable terms could be severed, and the remainder of the contract enforced stating, "[t]he taint of illegality and unconscionability cannot be removed from the arbitration agreement by severing or restricting the objectionable terms. The agreement is thus wholly unenforceable as a matter of law." *Id*. at 667.

The Ninth Circuit has held that arbitration agreements infected with illegality must be invalidated. *Graham Oil Co. v. ARCO Prods. Co*., 43 F.3d 1244, 1248 (9th Cir. 1994), as amended (Mar. 13, 1995) (invalidating entirety of arbitration agreement because "the arbitration clause [did] not merely involve a single, isolated [unlawful] provision" and Defendant "attempted to use an arbitration clause to achieve its unlawful ends.").

Severance of offending terms is not possible here because there are so many offending terms that the Court would need to rewrite the purported Agreement. Defendant's Arbitration Agreement is a contract of adhesion that contains no fewer than 3 provisions that are illegal or unconscionable. Under *Armendariz* and its progeny, Defendant's Arbitration Agreement is "permeated with unconscionability" and unenforceable as a matter of law. *Armendariz*, 24 Cal. 4th at 102. Further, the offending terms are part of a concerted effort by Defendant to put Plaintiff at a disadvantage via arbitration. The Court should not reward Defendant for enacting such a one-sided, improper set of provisions by essentially rewriting the agreement for them after-the-fact.

/ / /

/ / /

/ / /

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

Case No. 2:21-cv-01907-ODW-AFM

## IV.   **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings and declare Defendant's Arbitration Agreement unenforceable as a matter of law.


Dated:  July 26, 2021

Respectfully Submitted,
**CROSNER LEGAL, P.C.**

*/s/ Nikki Trenner*
Michael Crosner
Blake Jones
Zachary Crosner
Nikki Trenner
Attorneys for Plaintiff ROCIO DUARTE

27